08-4675-ag
Zhang v. BCIS

BIA
Romig, IJ
A099-930-675

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of February, two thousand ten.

PRESENT:
　　　　ROSEMARY S. POOLER,
　　　　BARRINGTON D. PARKER,
　　　　RICHARD C. WESLEY,
　　　　　　　Circuit Judges.

_____

FA SHEN ZHANG,
　　　　Petitioner,

　　　v.　　　　　　　　　　　　08-4675-ag
　　　　　　　　　　　　　　　　NAC
BUREAU OF CITIZENSHIP AND IMMIGRATION
SERVICES,
　　　　Respondent.

_____

FOR PETITIONER:　　John Chang, New York, New York.
FOR RESPONDENT:　　Tony West, Assistant Attorney
　　　　　　　　　　General; Linda S. Wernery, Assistant
　　　　　　　　　　Director; Scott Rempell, Attorney,
　　　　　　　　　　Office of Immigration Litigation,
　　　　　　　　　　United States Department of Justice,
　　　　　　　　　　Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fa Shen Zhang, a native and citizen of the People's Republic of China, seeks review of an August 29, 2008 order of the BIA affirming the October 31, 2007 decision of Immigration Judge ("IJ") Jeffrey L. Romig pretermitting his application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). In re Fa Shen Zhang, No. A 099 930 675 (B.I.A. Aug. 29, 2008), aff'g No. A 099 930 675 (Immig. Ct. N.Y. City Oct. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. See Mei Chai Ye v. U.S. Dep't of Justice, 489 F.3d 517, 523 (2d Cir. 2007). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008).

2

For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, we "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008).

As an initial matter, because Zhang fails to challenge the agency's pretermission of his asylum application before this Court, we deem any such challenge waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Contrary to the government's assertion, however, Zhang preserved his challenge to the agency's denial of his application for CAT relief because in his brief to this Court he sets out the standard for CAT relief, argues that he met that standard, and challenges the primary basis for the IJ's denial of that relief – the IJ's adverse

3

credibility determination.

**I.  Past Persecution Claim**

Substantial evidence supports the IJ's adverse credibility determination.  Because Zhang does not challenge the IJ's reliance on the similarities between his declaration and his friend's letter or the IJ's rejection of his explanation for those similarities, we deem waived any such challenge.  Thus, that finding stands as a valid  basis for the IJ's adverse credibility determination.  See id.; see also Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir. 2008).

In finding Zhang not credible, the IJ also relied upon: (1) the omission from Zhang's asylum application of the beatings he allegedly received during his detention because he failed to provide the names of other underground church members; (2) the inconsistency between Zhang's testimony that his initial interrogation lasted two to three hours and his later testimony that it only lasted thirty minutes; and (3) Zhang's unresponsive demeanor during questioning about his detention.  Zhang argues that the omissions and inconsistencies were too minor to support an adverse credibility determination.  Contrary to Zhang's argument,

under the REAL ID Act, "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." Xiu Xia Lin, 534 F.3d at 167; see Matter of J-Y-C-, 24 I. & N. Dec. 260, 265 (BIA 2007).

Contrary to Zhang's assertion that the IJ did not cite specific examples supporting his demeanor finding, the IJ noted that Zhang's testimony was unresponsive during questioning regarding his detention. We accord great deference to such assessments of an applicant's demeanor. See Majidi v. Gonzales, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The IJ also properly found that Zhang's deficient corroboration rendered him unable to rehabilitate his testimony. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 341 (2d Cir. 2006).

Taken as a whole, the IJ's adverse credibility determination was supported by substantial evidence. See 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin, 534 F.3d at 167. Therefore, the IJ properly denied Zhang's applications for withholding of removal and CAT relief to the extent that they were based on what allegedly occurred in China. See

5

Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006); Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 523 (2d Cir. 2005).

**II. Claim Based on Religious Practice in the United States**

Despite the IJ's adverse credibility determination, he credited Zhang's claim that he practices Christianity. Nonetheless, as the IJ found, no evidence indicates either that Chinese authorities would become aware of Zhang's religious practice or that they would target him on that basis. See Hongsheng Leng v. Mukasey, 528 F.3d 135, 143 (2d Cir. 2008) (finding that "to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities"); Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir. 2005) (finding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). Although Zhang asserts that he need not demonstrate an individual risk of harm because there is a pattern or practice of persecution of Christians in China, we decline to address that unexhausted issue. See

Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 119-20 (2d Cir. 2007).

Because Zhang was unable to show the objective likelihood of persecution needed to make out an asylum claim based on his religious practices in the United States,* he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief to the extent all three claims were based on that factual predicate.  See Paul, 444 F.3d at 156; Kyaw Zwar Tun v. INS, 445 F.3d 554, 567 (2d Cir. 2006) (holding that torture is "something more severe than the kind of treatment that would suffice to prove persecution").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

---

* As stated above, the IJ pretermitted Zhang's asylum application.  Nonetheless, for purposes of his analysis, he evaluated whether Zhang had met the asylum standard.

7